TAM DOCK LUNG, as Guardian Ad Litem for Tam Chung Fay and Tam Fay Hing, Appellants,

v.

John Foster DULLES, as Secretary of State, Appellee.

No. 13975.

United States Court of Appeals, Ninth Circuit.

Jan. 5, 1955.

William E. Cornell, Los Angeles, Cal., for appellants.

Laughlin E. Waters, U. S. Atty., Clyde C. Downing, Arline Martin, Max F. Deutz, Los Angeles, Cal., for appellee.

Before STEPHENS, FEE and CHAMBERS, Circuit Judges.

STEPHENS, Circuit Judge.

This is a typical case under § 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903*, brought for the purpose of establishing the claimed United States citizenship of Tam Chung Fay and Tam Fay Hing, by their guardian ad litem Tam Dock Lung.

■ The first point on appeal is that the two boys for each of whom a declaration is sought were not allowed in the courtroom during the taking of the testimony. It is not denied that they were entitled to be in the courtroom but there is nothing in the point because an arrangement for their remaining outside was agreeable to all parties at the trial, including the attorney for the guardian ad litem.

■ The second point is that the trial court considered inconsistencies in the testimony of the alleged father and his brother regarding a fifth child of the father's. It is claimed that since the fifth child was not a subject of the litigation, evidence to it was collateral to the issue and that a witness cannot be impeached upon a collateral matter. The point is not good for the reason that the issue was whether or not the boys were the sons of the alleged father. All details of family life which would bear upon that issue were admissible. The testimony of the alleged father and his brother clashed on some of the family details. The dates given showed that the father had been in China but six months when, according to him, a fifth child was born to his wife. Faced with this situation he replied, "He was a six month's baby". The trial court did not believe the testimony and, while the circumstance prob-

* 1952 Revision, 8 U.S.C.A. § 1503.

ably had its effect on the court's mind, there were other inconsistencies in the case supporting the finding complained of, which finding we quote in the margin.[1]

 We find no error here. The next and last point is that "in view of the lack and failure of any evidence to the contrary adduced or introduced by the defendant", the court should have declared the boys citizens of the United States. The trier of the fact declined upon good and sufficient cause to give credence to the testimony.

Affirmed.

---

1. "The evidence adduced by each of said plaintiffs and their witnesses, Tam Dock Lung, alleged father; and Tam Hin Soon, alleged brother, contains so many discrepancies relating to subjects about which each and all of said persons and witnesses should be in agreement, and the credibility of the testimony of each of said plaintiffs and of each of said witnesses has been so impeached that the Court does not believe the testimony of each of said plaintiffs or said witnesses and there is no credible evidence to support plaintiffs' claims that they are United States citizens."